STEVEN T. JAFFE, ESQ.
Nevada Bar No. 7035
sjaffe@lawhjc.com
DANIEL C. TETREAULT, ESQ.
Nevada Bar No. 11473
dtetreault@lawhjc.com

**HALL JAFFE & CLAYTON, LLP**
7425 Peak Drive
Las Vegas, Nevada 89128
(702) 316-4111
Fax (702) 316-4114

*Attorneys for Defendants Kentucky Western Co., and Martin Douglas Wilson*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LORI JEAN YAHN, individually and as co-Special Administrator of the Estate of TIMOTHY J. YAHN, deceased; KYLE JAMES YAHN, individually; ZACHARY LEE YAHN, individually; ALEXANDER SCOTT YAHN, individually; JANICE GONALEZ, as Co-Special Administrator of the Estate of TIMOTHY J. YAHN, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>KENTUCKY WESTERN CO., a foreign corporation; MARTIN DOUGLAS WILSON, an individual; DOES 1 through 10; ROE ENTITIES 11 through 20; and ABC LIMITED LIABILITY COMPANIES 21 through 30,<br><br>Defendants. | CASE NO.<br><br>**NOTICE OF REMOVAL** |

PLEASE TAKE NOTE that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants KENTUCKY WESTERN CO. and MARTIN DOUGLAS WILSON (collectively "Defendants") by and through their attorneys of record, hereby remove the above-captioned action from the Eighth Judicial District Court of Clark County, Nevada to the United States

///

1

1  District Court for the District of Nevada. As set forth further below, because the incident that
2  gives rise to this claim occurred in Elko County, Nevada, Defendants respectfully request this
3  case be removed and heard in the United States District Court in Reno, Nevada. Removal is
4  warranted under 28 U.S.C. § 1332(a)(1) because this is a civil action between citizens of
5  different states and the amount in controversy exceeds the sum or value of $75,000.00,
6  exclusive of interest and costs.  In support of this Notice of Removal, Defendants state as
7  follows:
8         1.     On July 31, 2018, Plaintiffs LORI JEAN YAHN, KYLE JAMES YAHN,
9  ZACHARY LEE YAHN, ALEXANDER SCOTT YAHN, and JANICE GONALEZ
10 (collectively "Plaintiffs") filed an action entitled ***LORI JEAN YAHN, et al., v. KENTUCKY***
11 ***WESTERN CO.,  MARTIN DOUGLAS WILSON, DOES 1 through 10; ROE ENTITIES 11***
12 ***through 20; and ABC LIMITED LIABILITY COMPANIES 21 through 30*** in the Eighth
13 Judicial District Court of Clark County Nevada, Case No. A-20-817474-C, assigned to
14 Department XV.  As per 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings,
15 and orders served upon Defendants in the state court action are attached hereto as **Exhibit**
16 **"A."**
17        2.     On October 15, 2020, Plaintiffs filed a Motion to Remand this matter to Nevada
18 State Court. *See* Dkt. 6. Defendants filed their Opposition to Plaintiffs' Motion to Remand on
19 October 29, 2020. *See* Dkt. No. 9. Plaintiffs filed their Reply in Support of the Motion to
20 Remand on November 5, 2020. *See* Dkt. No. 10. The Court set a hearing on the Plaintiff's
21 motion on November 24, 2020.
22        3.     On November 24, 2020, the Court heard oral arguments on the Plaintiff's
23 Motion. The Court found that Defendants had failed to demonstrate that this wrongful death
24 case satisfied the jurisdictional threshold regarding the amount in controversy of $75,000.00,
25 and ordered the case be remanded to Nevada State Court. *See* Dkt. No. 17.
26        4.     On March 12, 2021, Defendants served two offers of judgment to Plaintiffs. *See*
27 **Exhibits B and C, respectively.** The first offer of judgment was to Plaintiff Kyle Yahn in his
28 individual capacity in the amount of $75,001.00. *See* **Exhibit B**. The second offer was to the

2

1  remaining Plaintiffs in the amount of $75,001.00. *See* **Exhibit C**. The offers of judgment have
2  now expired. The fact that Plaintiffs did not respond to these respective offers demonstrate that
3  Plaintiffs do not contest that the probable value of their clients' respective claims are in excess
4  of $75,000.00. Therefore, Defendants submit the instant Notice of Removal.

5       5.    There are no matters pending in the state court action that require resolution by
6  this Court at this time.

7       6.    Because this is a civil action between citizens of different states involving an
8  amount in controversy in excess of seventy-five thousand dollars ($75,000.00), exclusive of
9  interest and costs, removal of this matter is proper as per 28 U.S.C. § 1332.

10      7.    This action is one over which the United States District Courts have original
11 jurisdiction by reason of the diversity of citizenship of the parties.

12      8.    In accordance with 28 U.S.C. § 1446(d), Defendants have contemporaneously
13 filed a copy of this Notice of Removal with the Clerk of the Eighth Judicial District Court in
14 Clark County, Nevada, and have provided a written notice to Plaintiffs by serving a copy of
15 the instant Notice of Removal on counsel for Plaintiffs.

16 **<u>DIVERSITY OF CITIZENSHIP</u>**

17      9.    According to their Complaint, Plaintiffs LORI JEAN YAHN, KYLE JAMES
18 YAHN, ZACHARY LEE YAHN, and ALEXANDER SCOTT YAHN are residents of the
19 State of Pennsylvania. *See* **Exhibit A**, at ¶¶ 3, 5-7. Plaintiff JANICE GONZALEZ is a resident
20 of Clark County, Nevada. *Id*. at ¶ 4. As such, Plaintiffs are citizens of the States of
21 Pennsylvania and Nevada, respectively, for purposes of determining this Court's subject matter
22 jurisdiction. *See* 28 U.S.C. § 1332(c).

23      10.    KENTUCKY WESTERN CO. is a Kentucky Corporation with, upon
24 information and belief, its principal place of business in New Castle, Kentucky. A corporation
25 is a citizen of the state in which it maintains its principal place of business. ***Hertz Corp. v.***
26 ***Friend***, 559 U.S. 77, 130 S. Ct. 1181 (2010). As such, KENTUCKY WESTERN CO. is a
27 citizen of the State of Kentucky for the purposes of determining this Court's subject matter
28 jurisdiction. *See* 28 U.S.C. § 1332(c).

11. MARTIN DOUGLAS WILSON is a resident of Henry County, Kentucky. As such, MARTIN DOUGLAS WILSON is a citizen of the State of Kentucky for the purposes of determining this Court's subject matter jurisdiction. *See* 28 U.S.C. § 1332(c).

12. Complete diversity of citizenship existed between Plaintiffs and Defendants at the time that Plaintiffs' state court action was filed and served, and complete diversity of citizenship exists at the time of removal.

## AMOUNT IN CONTROVERSY

13. As required by 28 U.S.C. § 1332, the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs.

14. Plaintiffs' Complaint arises from a multi-vehicle motor vehicle accident that occurred on September 10, 2018 on Interstate 80 near Wendover, Nevada in which Decedent TIMOTHY J. YAHN (hereinafter 'Decedent") was operating a 2010 Toyota Corolla in the #1 travel lane of Interstate 80. *See* Complaint at ¶¶ 17, 20. Plaintiffs allege Defendant WILSON was driving a 2003 Kensworth DS semi-tractor in the #2 travel lane of westbound Interstate 80. *Id.* at ¶¶ 14, 19. Plaintiffs further allege that a third vehicle, which was traveling eastbound in the #1 travel lane of westbound Interstate 80 "forcibly struck the left front of Plaintiffs' vehicle." *Id.* at ¶ 21.

15. Plaintiffs have asserted claims arising from Nevada's wrongful death statute, NRS 41.085, among other causes of actions. Based on the foregoing, Defendants have met their burden of showing that the amount in controversy more likely than not exceeds the jurisdictional requirement of $75,000.00.

16. On March 12, 2021, Defendants served two offers of judgment to Plaintiffs. See Exhibits B and C, respectively. The first offer of judgment was to Plaintiff Kyle Yahn in his individual capacity in the amount of $75,001.00. See Exhibit B. The second offer was to the remaining Plaintiffs in the amount of $75,001.00. See Exhibit C. The offers of judgment have now expired. The fact that Plaintiffs did not respond to these respective offers demonstrate that Plaintiffs do not contest that the probable value of their clients' respective claims are in excess of $75,000.00. Therefore, Defendants submit the instant Notice of Removal.

17. This Notice of Removal is timely pursuant to 28 U.S. § 1446(c)(1) as it is being filed a year of the filing of Plaintiff's Complaint. Moreover, given the Court's previous grant of Plaintiff's Motion to Remand and Plaintiffs' failure to accept or in any way respond to Defendants' offer of judgment, demonstrates conclusively that the probable value of this case is in excess of $75,000.00.

18. In sum because there is complete diversity of citizenship between Plaintiffs and Defendants, and because Plaintiffs are seeking damages in excess of the $75,000.00 jurisdictional threshold, Defendants may remove this action pursuant to 28 U.S.C. § 1332 and 1441(b).

DATED this 21st day of April 2021.

**HALL JAFFE & CLAYTON, LLP**

By: /s/ Steven T. Jaffe
_____
STEVEN T. JAFFE, ESQ.
Nevada Bar No. 7035
DANIEL C. TETREAULT, ESQ.
Nevada Bar No. 11473
7425 Peak Drive
Las Vegas, Nevada 89128
*Attorneys for Defendants Kentucky Western Co., and Martin Douglas Wilson*